**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DANIEL SORIANO-SOLANO, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil No. 2:26-cv-01582-JLS |
| | : | |
| JL JAMISON, *et al.*, | : | |
| Respondents. | : | |

**ORDER**

**AND NOW**, this 23rd day of March, 2026, upon consideration of the Petition for Writ of Habeas

Corpus (ECF No. 1) and the Government's Response in Opposition to Petition for Writ of Habeas

Corpus (ECF No. 5), **IT IS HEREBY ORDERED** that the Petition (ECF No. 1) is **GRANTED**[1] as

follows:

1. Mr. Soriano-Solano is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2. The Government shall **RELEASE** Mr. Soriano-Solano from custody immediately and certify

compliance with the Court's Order by filing an entry on the docket no later than 5:00 p.m. ET on

---

[1] Mr. Soriano-Solano entered the United States without inspection on January 21, 2023. He was processed for expedited removal. After he claimed a fear of returning to the Dominican Republic, Petitioner was placed by DHS into standard removal proceedings under 8 U.S.C. § 1229a and paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5). As a condition of his release, he was required to check-in periodically with ICE. Less than five months after being released, Petitioner filed for asylum. His case is currently pending in Immigration Court, with a master hearing scheduled for March 30, 2027, in Philadelphia. Mr. Soriano-Solano was arrested during his most recent ICE check-in. He is now held without bond at the Federal Detention Center in Philadelphia.

    The government argues that the fact that Petitioner is no longer in expedited removal under 8 U.S.C. § 1225 and is now in standard removal proceedings under 8 U.S.C. § 1229a does not change the statutory basis for mandatory detention. Multiple district courts in this jurisdiction (including this Court) have rejected this argument. See e.g., *Talabadze v. Rose, et al.*, No. 26-cv-360 (E.D. Pa Jan. 30, 2026) (Perez, J.); *Seminario-Marcos v. Jamison, et al.*, No. 26-cv-421 (E.D. Pa Feb. 6, 2026) (Kearney, J.); *Vazquez-Diaz v. Rose, et al*, No. 26-cv-342 (E.D. Pa Feb. 10, 2026) (Gallagher, J.); *Vargas- Quajada v. Jamison, et al*, 26-cv-914 (E.D. Pa. Feb. 17, 2026 (McHugh, J.); *Nawab Ali v. Jamison, et al.,* No. 26-cv-729 (E.D. Pa. Feb. 19, 2026) (Quinones-Alejandro, J.); *Zavala Ulloa v. Jamison, et al*, No. 26-cv-823 (E.D. Pa. Feb. 20, 2026) (Marston, J.); *Green v. Jamison, et al*., No. 26-0773 (E.D. Pa. Feb. 26 2026) (Scott, J.). Accordingly, Mr. Soriano-Solano's mandatory detention without the opportunity for a bail hearing is unlawful.

March 24, 2026;

3. If the Government chooses to pursue re-detention of Mr. Soriano-Solano pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

4. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**BY THE COURT:**

*/s/ Jeffrey L. Schmehl*
**JEFFREY L. SCHMEHL**
United States District Court Judge